

# LLC MEMBERSHIP PURCHASE AGREEMENT

This LLC Membership Purchase Agreement ("Agreement") is entered into on January ____, 2017, between Basil T. Simon, Chapter 7 Trustee of the Estate of Anthony and Laurie Rubino, Debtors, U.S. Bankruptcy Court Case No. 15-49176-PJS ("Seller"), and Partnership Liquidity Investors IV, LLC, a Delaware limited liability company ("Purchaser").

RECITALS

1. On June 15, 2015 (the "Petition Date"), Daniel J. and Laurie M. Rubino (the "Debtors") filed with this Court a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and Basil T. Simon was appointed Chapter 7 Trustee of the Debtors.

2. As of the Petition Date, Debtor, Daniel Rubino held a 45% membership interest in ATD Development-Warren, LLC ("ATD") and a 45% interest in RPR Development, LLC ("RPR") (collectively, the "Membership Interests").

3. RPR is a building company that owns real estate at 28030 Gratiot, Roseville, Michigan. The building is occupied by an Apple Annie's restaurant.

4. ATD is a building company that owns real estate located at 3855 E. 12 Mile Road, Warren, Michigan upon which a Friar's Kitchen & Bakery is situated.

5. Seller wishes to sell and Purchaser wishes to acquire the Membership Interests, subject to the approval of the Bankruptcy Court, on the terms and conditions hereinafter set forth.

In consideration of the mutual covenants set forth below, the parties hereto agree as follows:

**1. Purchase and Sale of Membership Interest.**

Subject to the terms and conditions of this Agreement, Purchaser agrees to purchase the Membership Interests from Seller, and Seller agrees to sell the Membership Interests to Purchaser. The purchase price for the Membership Interests is Twenty Five Thousand Dollars and no cents ($25,000.00) for the estate's interest in ATD and Fifty Five Thousand and no cents ($55,000.00) for the estate's interest in RPR, payable in cash within 10 days of the entry of an order by the Bankruptcy Court approving the sale. Purchaser shall deposit with the Seller an amount equal to ten percent (10%) of each Purchase Price upon the execution of this Agreement.

**2. Closing.**

The closing of the transaction contemplated by this Agreement ("Closing") shall take place at the offices of Seller, beginning at 10:00 a.m., within ten (10) days after this Agreement is approved by the U.S. Bankruptcy Court or such other date as the Parties may mutually determine ("Closing Date"); provided, however, that the Closing Date shall be no later than February 28, 2017. At the Closing, Seller will deliver to Purchaser an executed Assignment

of Membership Interest in the form attached as Exhibit A, and Purchaser will deliver the Purchase Price to Seller.

**3. Related Obligations.**

Purchaser shall be responsible for payment of all taxes, dues and other obligations related to the Membership Interest.

**4. Representations and Warranties of Seller.**

Seller represents and warrants to Purchaser as of the date of this Agreement and as of the Closing that:

> A. Seller is the duly appointed Trustee of the Chapter 7 Bankruptcy Estate of Daniel and Laurie Rubino, pending in the U.S. Bankruptcy Court for the Eastern District of Michigan, Case No. 15-49176-PJS.
>
> B. Seller has full power and authority to execute and deliver this Agreement and to perform his obligations under it, and this Agreement constitutes the valid and legally binding obligation of Seller, enforceable in accordance with its terms.

**5. Representation and Warranties of Purchaser.**

Purchaser represents and warrants to Seller as of the date of this Agreement and as of the Closing that:

> A. Purchaser has full power and authority to execute and deliver this Agreement and to perform its obligations under it, and that this Agreement constitutes the valid and legally binding obligation of Purchaser, enforceable in accordance with its terms.
>
> B. Neither the execution and delivery of this Agreement nor the consummation of the transactions contemplated by this Agreement will constitute a default under or require any notice under any agreement to which Purchaser is a party or by which it is bound.

**6. Approval of Bankruptcy Court.**

This Agreement and the Seller's obligations hereunder, are subject to the approval of the United States Bankruptcy Court for the Eastern district of Michigan (the "Bankruptcy Court") in Case No. 15-49176-PJS entitled In re: Daniel and Laurie Rubino after further competitive bidding. If the Bankruptcy court does not authorize the sale of the Membership Interest to Buyer, then this Agreement shall automatically terminate. Buyer shall be entitled to an immediate refund in full of the Deposit and Buyer and Seller shall have no further liability or obligation to each other. However, if the Membership Interests are sold at auction by Seller to a third party at or in excess of the purchase price provided for herein then from the closing proceeds Seller shall, in addition to returning the deposit, pay Buyer a breakup fee of $2000.00 (allocated at $1000.00 per entity). However, no breakup fee shall be due and payable to Buyer unless Seller actually closes on a sale of the Membership Interests to a third party at a price of $26,000.00 or higher as to ATD and $56,000.00 as to RPR or in the event

Buyer is the highest bidder and fails to close and Seller then sells the Membership Interests to a third party.

## 7. "As Is" Sale.

The sale and assignment of the Membership Interests is "as is" with no representations or warranties of any kind other than as set forth in paragraph 4 of this Agreement. Except for the warranties given by Seller in Paragraph 4 of this Agreement, Seller has not made and is not giving Purchaser any representation or warranty of any kind whatsoever with respect to the Membership Interest.

## 8. Nonassignability.

This Agreement shall not be assignable by any Party without the prior written consent of the other Party.

## 9. Applicable Law.

This Agreement shall be governed by and construed in accordance with the laws of the State of Michigan. Any disputes between Buyer and Seller related to this agreement shall be subject to determination and jurisdiction of the U.S. Bankruptcy Court for the Eastern District of Michigan.

## 10. Entire Agreement.

This Agreement, including any attached exhibits, embodies the entire agreement and understanding of the Parties with respect to its subject matter and supersedes all prior discussions, agreements, and undertakings between the Parties.

The parties have executed this Agreement on the date listed on the first page.

SELLER:

/s/_____
Basil T. Simon, Trustee


PURCHASER:
Partnership Liquidity Investors IV, LLC

/s/_____
By:
Its: Manager   JEROME A. FINK