UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                In Bankruptcy:

*DANIEL & LAURIE RUBINO*         *Case No.: 15-49176*
                                           *Chapter 7*
                                           *Honorable Phillip J. Shefferly*

_____*Debtors*_____/

## MOTION FOR AN ORDER PURSUANT TO (i) SECTIONS 363(b), 363(f) and 363(m) OF THE BANKRUPTCY CODE AND RULES 2002 (a)(2), 9006(c) AND 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING SALE OF MEMBERSHIP AND SHAREHOLDER INTERESTS IN CERTAIN CORPORATIONS AND LIMITED LIABILITY COMPANIES FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

Basil T. Simon, Chapter 7 Trustee of Daniel J. Laurie M. Rubino (sometimes hereinafter referred to as the "Trustee" or "Seller"), by and through his undersigned counsel, moves this Court for entry of an Order pursuant to (i) sections 363(b), 363(f) and 363(m) of title 11, United States Code (the "Bankruptcy Code") and Rules 2002 (a)(2), and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules') authorizing the sale of Debtor Daniel Rubino's membership and shareholder interests in certain corporations and limited liabilities companies and for additional relief (the "Sale Motion"). In support of his Sale Motion, the Trustee states as follows:

### Background

1. On June 15, 2015 (the "Petition Date"), Daniel J. and Laurie M. Rubino (the "Debtors") filed with this Court a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and Basil T. Simon was appointed Chapter 7 Trustee of the Debtor.

2. As of the Petition Date, Debtor, Daniel Rubino had membership or shareholder interests in the following limited liability companies:

| | | |
|---|---|---|
| 1. | ATD Development – Warren, LLC ("ATD") | 45% |
| 2. | RPR Development, LLC ("RPR") | 50% |
| 3. | Pilot Property Group, Inc. ("Pilot") | 42.50% |
| 4. | Apple Annie's Clinton Township, LLC | 40% |
| 5. | Fiar Kitchen and Bakery, Inc. | 40% |
| 6. | RPR Investment, Inc. | 53% |
| 7. | Algonac QSR, LLC | 50% |
| 8. | Lakeside QSR, LLC | 50% |

(collectively, the "Interests").

3. ATD is a building company that owns real estate located at 3855 E. 12 Mile Road, Warren, Michigan upon which a Friar's Kitchen & Bakery is situated.

4. RPR is a building company that owns real estate at 28030 Gratiot, Roseville, Michigan. The building is occupied by an Apple Annie's restaurant.

5. Pilot is a corporation which operates as Commercial Real Estate Brokers.

6. Apple Annie's Clinton Township, LLC operates a full service restaurant located at 39793 Garfield Road, Clinton Township, Michigan.

7. Friar's Kitchen and Bakery, Inc. operates a full service restaurant at 3855 E. 12 Mile Road, Warren, Michigan.

8. RPR Investment, Inc. operates an Apple Annie's full service restaurant located at 28030 Gratiot, Roseville, Michigan.

9. Algonac QSR, LLC and Lakeside QSR, LLC operate Taco Bell restaurants.

## Jurisdiction and Venue

10.     This Court has jurisdiction over this Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334 and consideration of this Sale Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Sale Process

11.     The Trustee believes that, in the exercise of the Trustee's reasonable business judgment, the most effective and efficient way to obtain the greatest potential recovery for the Debtors' estate and its creditors is to sell the Interests . The Trustee has negotiated a sale of the Interests to AUR Investments, LLC ("Purchaser"), subject to, among other things, higher or better offers, pursuant to the terms of an LLC Membership and Share Purchase Agreement, a copy of which is attached hereto as **Exhibit A** and incorporated by this reference (the "Purchase Agreement").

## Relief Requested

12.     The Trustee and the Purchaser have engaged in good faith negotiations relative to the sale which have resulted in the Purchase Agreement which, subject to Court approval, provides for the sale to Purchaser of all of the Interests.

13.     By this Sale Motion, the Trustee requests an order (i) pursuant to sections 363(b), 363(f), and 363(m) of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), and 6004

authorizing the sale of the Interests to the Purchaser, free and clear of all liens, claims and encumbrances which shall transfer, affix and attach to the proceeds thereof, with the same relative extent, validity and priority as each had subject to the receipt of higher and better offers.

14. The Purchase Agreement provides for the sale, assignment and transfer to the Purchaser of the Debtors' right, title and interest in the Interests for the sums of One Hundred Thirteen Thousand and 00/100 ($122,000.00) Dollars.

15. The Trustee submits that ample authority exists for the approval of the proposed transaction and the competing offer procedures.

16. Section 363 of the Bankruptcy Code provides, in relevant part, as follows:

> (b)(1) The trustee, after notice and a hearing, my use, sell, or lease, other than in the ordinary course of business, property of the estate.
>
> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if --
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (5) such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.

11 U.S.C. § 363(b)(1), (f); *see also* Bankruptcy Rule 6004(f)(1) (stating that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction.").

17. Although Bankruptcy Code section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's

assets, courts have required that it be based upon the sound business judgment of the trustee. *See Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *see also In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1993); *In re Thomson McKinnon Securities, Inc.*, 120 B.R. 301 (Bankr. S.D.N.Y. 1990).

18. In the instant case, the Trustee submits that the most important factor to consider in assessing the Trustee's business judgment is the effect of the proposed asset disposition on the Debtors' estate and creditors. With respect to the sale contemplated herein, the factors mitigating in favor of approval are compelling.

19. The terms of the Purchase Agreement were negotiated with Purchaser at arm's length in good faith and the Trustee accordingly requests the Court determine Purchaser to be acting in good faith and entitled to the protections of a good faith purchaser under section 363(m) of the Bankruptcy Code. The Purchase price is a fair and reasonable price for the Interests. Thus, the sale transaction represents substantial value to the Debtors' estate as it provides for favorable terms for the immediate disposition of assets necessary to allow any recovery to creditors in this Chapter 7 case.

### Sale of the Property Pursuant to Higher an Better Bids

20. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale or by public auction. The Trustee has determined that the sale of the Interests subject to higher or better bids will enable him to maximize the value of the Interests for the benefit of its creditors and its estate.

## Notice

21. Notice of this Sale Motion has been provided to parties-in-interest pursuant to the provisions of the Bankruptcy Code. The Trustee submits that such notice is proper and adequate under the circumstances of its Chapter 7 case.

**WHEREFORE**, the Trustee requests that this honorable Court approve the Sale Motion and the other relief requested therein, including, without limitation, the terms of the Purchase Agreement and exhibits thereto and grant the Trustee such other and further relief as is just.

SIMON, STELLA & ZINGAS, P.C.

BY: /S/ Stephen P. Stella
STEPHEN P. STELLA (P33351)
Attorney for Trustee
645 Griswold, Suite 3466
Detroit, Michigan 48226
(313) 962-6400
attorneystella@sszpc.com

Dated: April 7, 2017

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:

*DANIEL & LAURIE RUBINO*

_____*Debtors*_____/

In Bankruptcy:

*Case No.: 15-49176*
*Chapter 7*
*Honorable Phillip J. Shefferly*

Exhibit "1"

## ORDER GRANTING TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO (i) SECTIONS 363(b), 363(f) and 363(m) OF THE BANKRUPTCY CODE AND RULES 2002 (a)(2), 9006(c) AND 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING SALE OF MEMBERSHIP AND SHAREHOLDER INTERESTS IN CERTAIN CORPORATIONS AND LIMITED LIABILITY COMPANIES FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

Upon the motion ("Motion") of Basil T. Simon, Trustee of the Debtors, for entry of an order pursuant to sections 363(b), (f) and (m), of the Bankruptcy Code authorizing the Trustee to sell the membership and shareholder interests of Debtors ("Interests") identified in the LLC Membership and Share Purchase Agreement ("Purchase Agreement") with AUR Investments, LLC ("Purchaser"); and the Court having considered such Motion as well as the papers filed in opposition thereto, if any; and the Court having considered the record of the hearing, if any; the objections, if any, to the Motion, or entry of this order having been withdrawn, overruled or resolved; and the Court being otherwise fully advised in the premises; it is

**ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion is granted in all respects and all objections, if any, to the Motion and entry of this order are overruled or withdrawn.

2. The Purchase Agreement and the transactions contemplated thereby is hereby approved in all respects;

3. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Trustee is authorized to and shall sell to Purchaser or the highest and best bidder therefore, the Interests on the terms and conditions set forth in the Motion and the Purchase Agreement free and clear of all liens, claims, encumbrances and other interests with same being be transferred to and attach to the proceeds of the sale.

4. The Court finds that the Trustee has title to and the authority under applicable law to sell the Interests to Purchaser, and that nothing further needs to be done at the corporate or limited liability company level of either members for the sale of the Interests to be fully consummated and valid and enforceable against any of the other members or shareholders of the limited liability companies or corporations. The Trustee is authorized to and shall execute any and all documents necessary to effectuate a transfer of the Interests to Purchaser or to such other bidder who, in the exercise of his reasonable business judgment, the Trustee determines has submitted the highest and best bid.

5. In the event that any person or entity (as those terms are defined in the Bankruptcy Code) which has filed statements or other documents or agreements evidencing liens on or interests in the Interests has not delivered to the Trustee prior to the Closing (as such term is defined in the Purchase Agreement), in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and other documents for the purpose of documenting the release of all liens, or other interests which such person or entity has with respect to the Interests, the Trustee or the Purchaser, on behalf of the Trustee, is authorized and directed to execute and file or record such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Interests.

6. The Motion as approved by this Order complies with the requirements and conditions of sections 363(b), (f), and (m), of the Bankruptcy Code.

7. Upon the Closing, the Purchaser shall not be deemed to (i) be the successor of the Debtors, (ii) have, *de facto* or otherwise, merged with or into the Debtors, or (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors.

8. Except to the extent otherwise expressly provided in the Purchase Agreement and this order at the Closing, the Purchaser shall not assume any liability or obligation of the Debtors of any kind, character or description whether known or unknown, absolute or contingent, accrued or unaccrued, liquidated or unliquidated, secured or unsecured, joint or several, due or to become due, vested or unvested, executory, determined, determinable or otherwise and whether the same is required to be accrued on the financial statements of the holder of the liability or obligation.

9. The Trustee is authorized and directed to execute, acknowledge, and deliver such corporate name change certificates, deeds, assignments, conveyances, and other assurances, documents, and instruments of transfer and take such other action that may be reasonably necessary to perform the terms and provisions of the Purchase Agreement, and shall take any other action for purposes of assigning, transferring, granting, conveying, and confirming to the Purchaser, or reducing to possession, any or all of the Interests and to execute such nonmaterial amendments to the Purchase Agreement and related agreements as may be required to effectuate the letter and intent of the Purchase Agreement and the consummation of the sale.

10. From and after entry of this order, neither the Debtors nor any creditor, equityholder or potential bidder shall take or cause to be taken any action which would interfere with the transfer of the Interests to the Purchaser or its assignees or designees in accordance with the terms of this Order.

11. All persons or entities who are presently, or at the Closing (as defined in the Purchase Agreements), in possession of the Interests, or any documents, certificates, registrations or other evidence of title are hereby directed to surrender possession of such Interests or documents,

certificates or other evidence of title to the Purchaser or its assignees or designees at or before the Closing.

12. The Court retains jurisdiction over all matters relating to the transaction contemplated in the Purchase Agreement, including matters relating to the title to the Interests, disputes and claims against the Interests.

13. The provisions of this order authorizing the Trustee to enter into the Purchase Agreement and authorizing and directing the transactions contemplated by the Purchase Agreement and by this order shall be self-executing and neither the Trustee nor the Purchaser shall be required to execute or file any releases, termination statements, assignments, consents, or other instruments in order to effectuate consummation to implement the foregoing provisions hereof except as provided in the Purchase Agreement. Notwithstanding the foregoing, the Trustee, Purchaser and all other parties are authorized and directed to take any and all actions necessary and appropriate to effectuate, consummate and implement fully the Purchase Agreement and this order.

14. This order is binding upon and inures to the benefit of any successors or assigns of the Debtors or the Purchaser.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:    In Bankruptcy:

**DANIEL & LAURIE RUBINO**    *Case No.: 15-49176*
*Chapter 7*
*Honorable Phillip J. Shefferly*

_____Debtors_____/    *Ex. 2*

**NOTICE OF SALE AND OF FILING MOTION FOR AN ORDER PURSUANT TO (i) SECTIONS 363(b), 363(f) and 363(m) OF THE BANKRUPTCY CODE AND RULES 2002(a)(2), 9006(c) AND 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING SALE OF THE MEMBERSHIP AND SHAREHOLDER INTERESTS IN CERTAIN CORPORATIONS AND LIMITED LIABILITY COMPANIES <u>FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES</u>**

BASIL T. SIMON HAS FILED A MOTION FOR AN ORDER PURSUANT TO (i) SECTIONS 363(b), 363(f) and 363(m) OF THE BANKRUPTCY CODE AND RULES 2002 (a)(2), 9006(c)AND 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING SALE OF THE MEMBERSHIP AND SHAREHOLDER INTERESTS IN CERTAIN CORPORATIONS AND LIMITED LIABILITY COMPANIES FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have any attorney, you may wish to consult one.)**

If you do not want the court to grant such Motion, or if you want the court to consider your views on the Motion, within 21 days you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:
United States Bankruptcy Court
211 W. Fort Street
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the expiration of the time stated above. If a response or objection to the Trustee's Motion and if a response or objection is not timely filed and served, the Court may grant the Trustee's Application without a hearing. **If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

You must also mail a copy to:
Stephen P. Stella, Esq., 645 Griswold, Suite 3466, Attorney for Trustee, Detroit, MI 48226

    The Trustee will conduct an auction of the real property described in his Motion on May 9, 2017 at 2:00 p.m. ("Sale Date") at 645 Griswold, Suite 3466, Detroit, Michigan 48226. This sale may be adjourned without notice from time to time by the Trustee. A 10% deposit will be required of the high bidder at the conclusion of the sale, plus bona fide evidence of financial means to close on the sale. Closing shall occur within 7 days of the Sale Date. Failure by the high bidder to timely close or tender the balance owed on the sale will result in forfeiture of the deposit. Additionally, the Trustee will look to the next highest bidder to consummate the sale of the property at the second highest bid amount. All bids submitted must be on substantially the same terms and conditions as the offer received from the prospective Purchaser. Copies of the offer and relevant pleadings relating to the sale are on file with and may be obtained from the Bankruptcy Court, 211 W. Fort Street, Detroit, MI.

    In the event a response or objection to the Motion is filed, a hearing will be held after due notice, in the Courtroom of the Honorable Phillip J. Shefferly, 211 Fort Street, Detroit, Michigan, 48226.

SIMON, STELLA & ZINGAS, P.C.

/S/ Stephen P. Stella
STEPHEN P. STELLA (P33351)
Attorney for Trustee
645 Griswold, Suite 3466
Detroit, MI 48226

Dated: April 7, 2017

(313) 962-6400
attorneystella@sszpc.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:   In Bankruptcy:

*DANIEL & LAURIE RUBINO*   *Case No.: 15-49176*
*Chapter 7*
*Honorable Phillip J. Shefferly*

_____Debtors_____/

Exhibit "4"

**PROOF OF SERVICE**

STATE OF MICHIGAN)
     ) ss.
COUNTY OF WAYNE)

I, Antinette Gaty, hereby certify that on April 7, 2017, I electronically filed the following:

**MOTION FOR AN ORDER PURSUANT TO (i) SECTIONS 363(b), 363(f) and 363(m) OF THE BANKRUPTCY CODE AND RULES 2002 (a)(2), 9006(c) AND 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING SALE OF MEMBERSHIP AND SHAREHOLDER INTERESTS IN CERTAIN CORPORATIONS AND LIMITED LIABILITY COMPANIES FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; NOTICE OF SALE AND OF FILING MOTION FOR AN ORDER PURSUANT TO (i) SECTIONS 363(b), 363(f) and 363(m) OF THE BANKRUPTCY CODE AND RULES 2002 (a)(2), 9006(c) AND 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING SALE OF MEMBERSHIP AND SHAREHOLDER INTERESTS IN CERTAIN CORPORATIONS AND LIMITED LIABILITY COMPANIES FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; PROPOSED ORDER**

with the Clerk of the Court using the ECF and I hereby certify that the Court's ECF System has served all registered users. I also certify that I have mailed the above-described documents to the following NON ECF participants via first class mail:

John Bohl
John Bohl & Associates, LLC
24359 Northwestern Hwy., Ste. 250
Southfield, MI 48075

Benjamin J. Aloia, Esq.
48 S. Main Street, Ste. 3
Mt. Clemens, MI 48043

Subscribed and sworn to before me
this 7th day of April, 2017

/s/ Stephen P. Stella
STEPHEN P. STELLA, Notary Public
Oakland County, Michigan
My commission expires: 11-18-17

/S/ Antinette Gaty
ANTINETTE GATY
645 Griswold, Ste. 3466
Detroit, MI 48226
(313) 962-6400
attorneystella@sszpc.com
Assistant to Stephen P. Stella