

## LLC MEMBERSHIP AND SHARE PURCHASE AGREEMENT

This LLC Membership And Share Purchase Agreement ("Agreement") is entered into on April 7, 2017, between Basil T. Simon, Chapter 7 Trustee of the Estate of Anthony and Laurie Rubino, Debtors, U.S. Bankruptcy Court Case No. 15-49176-PJS (sometimes "Seller" or "Trustee"), and AUR Investments, LLC, a Michigan Limited Liability Company ("Purchaser").

## RECITALS

A.  On June 15, 2015 (the "Petition Date"), Daniel J. and Laurie M. Rubino (the "Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and Basil T. Simon was appointed Chapter 7 Trustee of the Debtors.

B.  As of the Petition Date, Debtor, Daniel Rubino had membership or shareholder interests in the following companies:

| | | |
|---|---|---|
| 1. | ATD Development – Warren, LLC ("ATD") | 45% |
| 2. | RPR Development, LLC ("RPR") | 55% |
| 3. | Pilot Property Group, Inc. ("Pilot") | 42.50% |
| 4. | Apple Annie's Clinton Township, LLC | 40% |
| 5. | Friar's Kitchen and Bakery, Inc. | 40% |
| 6. | RPR Investment, Inc. | 47% |
| 7. | Algonac QSR, LLC | 50% |
| 8. | Lakeside QSR, LLC | 50% |

(collectively, the "Interests").

C.  ATD is a building company that owns real estate located at 3855 E. 12 Mile Road, Warren, Michigan upon which a Friar's Kitchen & Bakery is situated.

D.  RPR is a building company that owns real estate at 28030 Gratiot, Roseville, Michigan. The building is occupied by an Apple Annie's restaurant.

E.  Pilot is a corporation which operates as Commercial Real Estate Brokers.

F.  Apple Annie's Clinton Township, LLC operates a full service restaurant located at 39793 Garfield Road, Clinton Township, Michigan.

G.  Friar's Kitchen and Bakery, Inc. operates a full service restaurant at 3855 E. 12 Mile Road, Warren, Michigan.

H.  RPR Investment, Inc. operates an Apple Annie's full service restaurant located at 28030 Gratiot, Roseville, Michigan.

I. Algonac QSR, LLC and Lakeside QSR, LLC operate Taco Bell restaurants.

J. Seller wishes to sell and Purchaser wishes to acquire the Interests, subject to the approval of the Bankruptcy Court, on the terms and conditions hereinafter set forth.

In consideration of the mutual covenants set forth below, the parties hereto agree as follows:

**1. Purchase and Sale of Membership Interest.**

Subject to the terms and conditions of this Agreement, Purchaser agrees to purchase the Interests from Seller, and Seller agrees to sell the Interests to Purchaser. The purchase price for the Interests is One Hundred Twenty Two Thousand and 00/100 ($122,000.00). The sale is subject to higher bids at an auction to be set by the Trustee. The sale price shall be payable in cash within 10 days of completion of the auction. Purchaser shall deposit with the Seller an amount equal to ten percent (10%) of the Purchase Price ($12,200.00) upon the execution of this Agreement.

**2. Closing.**

The closing of the transaction contemplated by this Agreement ("Closing") shall take place at the offices of Seller, beginning at 10:00 a.m., within ten (10) days after this Agreement is approved by the U.S. Bankruptcy Court or such other date as the Parties may mutually determine ("Closing Date"); provided, however, that the Closing Date shall be no later than May 20, 2017. At the Closing, Seller will deliver to Purchaser an executed Assignment of Interests in the form attached hereto. If the Purchaser is not the successful bidder at the auction contemplated hereby and the sale of the Interests closes with a different buyer, Purchaser shall be entitled to a refund in full of the deposit after Closing with another buyer and Purchaser and Seller shall have no further liability or obligation to each other. However, if the sale to a bidder other than the Purchaser shall fail to close, Purchaser shall purchase the Interests at an amount equal to the last bid it made at auction and any deposit it has delivered to the Seller shall be credited against the purchase price at Closing.

**3. Related Obligations.**

Purchaser shall be responsible for payment of all taxes, dues and other obligations related to the Interests.

**4. Representations and Warranties of Seller.**

Seller represents and warrants to Purchaser as of the date of this Agreement and as of the Closing that:

A. Seller is the duly appointed Trustee of the Chapter 7 Bankruptcy Estate of Daniel and Laurie Rubino, pending in the U.S. Bankruptcy Court for the Eastern District of Michigan, Case No. 15-49176-PJS.

B. Seller has full power and authority to execute and deliver this Agreement and to perform his obligations under it, and this Agreement constitutes the valid and legally binding obligation of Seller, enforceable in accordance with its terms.

### 5. Representation and Warranties of Purchaser.

Purchaser represents and warrants to Seller as of the date of this Agreement and as of the Closing that:

A. Purchaser has full power and authority to execute and deliver this Agreement and to perform its obligations under it, and that this Agreement constitutes the valid and legally binding obligation of Purchaser, enforceable in accordance with its terms.

B. Neither the execution and delivery of this Agreement nor the consummation of the transactions contemplated by this Agreement will constitute a default under or require any notice under any agreement to which Purchaser is a party or by which it is bound.

### 6. Approval of Bankruptcy Court.

This Agreement and the Seller's obligations hereunder, are subject to the approval of the United States Bankruptcy Court for the Eastern district of Michigan (the "Bankruptcy Court") in Case No. 15-49176-PJS entitled In re: Daniel and Laurie Rubino. The sale shall be by public auction sale as permitted by the United States Bankruptcy Code.

### 7. "As Is" Sale.

The sale and assignment of the Interests is "as is" with no representations or warranties of any kind other than as set forth in paragraph 4 of this Agreement. Except for the warranties given by Seller in Paragraph 4 of this Agreement, Seller has not made and is not giving Purchaser any representation or warranty of any kind whatsoever with respect to the Interests.

### 8. Nonassignability.

This Agreement shall not be assignable by any Party without the prior written consent of the other Party.

### 9. Applicable Law.

This Agreement shall be governed by and construed in accordance with the laws of the State of Michigan. Any disputes between Purchaser and Seller related to this agreement shall be subject to determination and jurisdiction of the Bankruptcy Court.

### 10. Entire Agreement.

This Agreement, including any attached exhibits, embodies the entire agreement and understanding of the Parties with respect to its subject matter and supersedes all prior

discussions, agreements, and undertakings between the Parties.

The parties have executed this Agreement on the date listed on the first page.

SELLER:

/s/_____
   Basil T. Simon, Trustee


PURCHASER:
AUR Investments, LLC
/s/_____
By: Anthony U. Rubino
Its: Manager

# ASSIGNMENT OF INTERESTS

**THIS ASSIGNMENT OF INTERESTS** ("Assignment") is made and entered into as of the ___ day of _____ 2017 (the "Effective Date") between Basil T. Simon, Chapter 7 Trustee of the Estate of Anthony and Laurie Rubino, Debtors, U.S. Bankruptcy Court Case No. 15-49176-PJS ("Assignor"), and AUR Investments, LLC ("Assignee").

**WHEREAS**, As of the Petition Date, Debtor, Daniel Rubino had membership or shareholder interests in the following companies (collectively, the "Interests"):

| | | |
|---|---|---|
| 1. | ATD Development – Warren, LLC ("ATD") | 45% |
| 2. | RPR Development, LLC ("RPR") | 55% |
| 3. | Pilot Property Group, Inc. ("Pilot") | 42.50% |
| 4. | Apple Annie's Clinton Township, LLC | 40% |
| 5. | Friar's Kitchen and Bakery, Inc. | 40% |
| 6. | RPR Investment, Inc. | 47% |
| 7. | Algonac QSR, LLC | 50% |
| 8. | Lakeside QSR, LLC | 50% |

**WHEREAS**, Daniel J. and Laurie M. Rubino (the "Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and Basil T. Simon was appointed Chapter 7 Trustee of the Debtors. As a result of such filing, Assignor has succeeded to the right, title and interest of Daniel Rubino in the Interests; and

**WHEREAS**, Assignor desires to convey the Interests to Assignee on the following economic terms agreed upon by Assignor and Assignee.

**THEREFORE**, for valid consideration received, the parties agree as follows:

1. <u>Assignment of the Interests.</u> In consideration of the payment by Assignee to Assignor of the sum of $122,000.00, the receipt of which is expressly

acknowledged by Assignor, Assignor hereby conveys, transfers, sells, and assigns to Assignee, the Interests "as is" with no representations and warranties. This assignment does not include an agreement to assume any of the guaranties or indemnities given in connection with the loans to the real property, companies, or partnerships.

2. <u>Membership Interest Subject to Operating Agreements/Bylaws</u>. Assignee acknowledges that the Interests are subject to the terms of the respective companies' operating agreements/bylaws.

3. <u>Membership Interest Subject to Michigan Law</u>. The parties acknowledge that the Interests assigned hereby are subject to the Michigan Limited Liability Company Act, and/or Business Corporation Act, and that the rights of the parties shall be governed by and subject to applicable law.

4. <u>Notice to Companies</u>. Assignor is expressly authorized to deliver a copy of this Assignment to the respective companies as conclusive evidence of the assignment referenced in this Assignment.

**WHEREFORE**, the parties have executed this Assignment as of the Effective Date.

ASSIGNOR:

/s/_____

Basil T. Simon, Trustee

ASSIGNEE:

AUR Investments, LLC

/s/_____

By:

Its: Manager